Search Warrant

# UNITED STATES DISTRICT COURT
## for the
### District of Arizona

In the Matter of the Search of
*(Briefly Describe the property to be searched or identify the person by name and address*

**IN RE: Google for Information Associated with:**
**timothytiff@gmail.com.**

Case No.  22-237 MB

## SEARCH AND SEIZURE WARRANT

To:        Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the  Northern District of ___California___ .
(identify the person or describe the property to be searched and give its location):

### As further described in Attachment A.

The person or property to be searched, described above, is believed to conceal (identify the person or describe the property to be seized):

### As set forth in Attachment B.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

YOU ARE COMMANDED to execute this warrant on or before ___July 29, 2022___ .
*(not to exceed 14 days)*

☐ in the daytime 6:00 a.m. to 10 p.m.
☒ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge.

any duty Magistrate Judge in Arizona.
*(name)*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized (*check the appropriate box*)  ☐ for____ days (*not to exceed 30*)
☐ until, the facts justifying, the later specific date of _____ .

Date and time issued: July 15, 2022 @ 2pm

_____
*Judge's signature*

City and State: Phoenix AZ

_Honorable Michelle H. Burns, U.S. Magistrate Judge_
*Printed name and title*

AO 93 (Rev. 01/09) Search and Seizure Warrant (Page 2)

## RETURN

| Case No.: | Date and Time Warrant Executed: | Copy of warrant and inventory left with: |
|---|---|---|
| | | |

Inventory Made in the Presence of:

Inventory of the property taken and name of any person(s) seized:

## CERTIFICATION

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date: _____        _____
                                                Executing officer's signature


                                                _____
                                                Printed name and title

## ATTACHMENT A

### Property to Be Searched

This warrant applies to information associated with timothytiff@gmail.com ("the Account") that is stored at premises owned, maintained, controlled, or operated by Google LLC, a company headquartered at 1600 Amphitheatre Parkway, Mountain View, CA 94043.

1

## ATTACHMENT B

### Particular Things to be Seized

**I.      Information to be disclosed by Google LLC ("Google")**

To the extent that the information described in Attachment A is within the possession, custody, or control of Google, regardless of whether such information is located within or outside of the United States, and including any emails, records, files, logs, or information that has been deleted but is still available to Google, or has been preserved pursuant to a request made under 18 U.S.C. § 2703(f) April 18, 2022 with the Google Reference Number 15682652, Google is required to disclose to the government for each account or identifier listed in Attachment A the following information from January 1, 2016 to present, unless otherwise indicated:

a.   All business records and subscriber information, in any form kept, pertaining to the Account, including, but not limited to:

1. Names (including subscriber names, usernames, and screen names);
2. Addresses (including mailing addresses, residential addresses, business addresses, and email addresses, including alternate and recovery email addresses);
3. Telephone numbers, including SMS recovery and alternate sign-in numbers;
4. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions, including log-in IP addresses;
5. Telephone or instrument numbers or other subscriber numbers or identities, including any temporarily assigned network address, SMS recovery numbers, Google Voice numbers, and alternate sign-in numbers
6. Length of service (including start date and creation IP) and types of service utilized;
7. Means and source of payment (including any credit card or bank account number); and
8. Change history.

b.   All device information associated with the Account, including but not limited to, manufacture names, model numbers, serial number, media access control (MAC)

1

addresses, international mobile equipment identifier (IMEI) numbers, FCC ID numbers, Android IDs, and telephone numbers;

c.   Records of user activity for each connection made to or from the Account(s), including, for all Google services, the date, time, length, and method of connection, data transfer volume, usernames, source and destination IP address, name of accessed Google service, and all activity logs;

d.   The contents of all records associated with the account in Google Drive (including Docs, Sheets, Forms, and Slides) and Google Keep, including: files, folders, media, notes and note titles, lists, and other data uploaded, created, stored, or shared with the account including drafts and deleted records; the creation and change history of each record; accounts with access to or which previously accessed each record; any location, device, other Google service (such as Google Classroom or Google Group), or third-party application associated with each record; and all associated logs, including access logs and IP addresses, of each record.

Google is hereby ordered to disclose the above information to the government within 14 days of issuance of this warrant.

## II.   Information to be seized by the government

All information described above in Section I that constitutes evidence, and/or instrumentalities of violations of Title 26 United States Code § 7206(1) and Title 26 United States Code § 7201, those violations involving CYWINSKIS and occurring after January 1, 2016 including, for each Account or identifier listed on Attachment A, information pertaining to the following matters:

a.   Evidence indicating how and when the Account was accessed or used, to determine the geographic and chronological context of account access, use, and events relating to the crime under investigation and to the email account owner;

b.   Information that constitutes evidence concerning violations of the statutes above that are contained within the accounts;

c.   Evidence indicating the Account owner's state of mind as it relates to the criminal activity under investigation;

d.   The identity of the person(s) who created or used the Account;

e.   The identity of the person(s) who communicated with the Account about matters relating to the criminal activity under investigation.

2

Application for a Search Warrant

# UNITED STATES DISTRICT COURT
## for the
### District of Arizona

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly Describe the property to be searched or identify the person by name and address* | |
| **IN RE: Google for Information Associated with:**<br>**timothytiff@gmail.com.** | Case No. 22-237MB |

## APPLICATION AND AFFIDAVIT FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property (*identify the person or describe the property to be searched and give its location*):

### As further described in Attachment A.

Located in the  Northern District of   California  , there is now concealed (*identify the person or describe the property to be seized*):

The person or property to be searched, described above, is believed to conceal (identify the person or describe the property to be seized):

### As set forth in Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☒ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code/Section | Offense Description |
|---|---|
| 26 U.S.C. § 7206(1) | False or Fraudulent Return, Statement or Document |
| 26 U.S.C. § 7201 | Attempt to Evade or Defeat Tax |

The application is based on these facts:
**The Affidavit of Special Agent Alaina Komlenic is incorporated herein by reference.**

- ☐ Continued on the attached sheet.
- ☐ Delayed notice of  30   days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Reviewed by AUSA  Andrew C. Stone

Digitally signed by ANDREW STONE
Date: 2022.07.15 13:25:26 -07'00'

_____
*Applicant's Signature*

Alaina Komlenic, IRS-CI
*Applicant's printed name and title*

Date and time issued:  July 15, 2022

_____
*Judge's signature*

City and State:  Phoenix, Arizona

Honorable Michelle H. Burns, U.S. Magistrate Judge
*Printed name and title*

## ATTACHMENT A

### Property to Be Searched

This warrant applies to information associated with timothytiff@gmail.com ("the Account") that is stored at premises owned, maintained, controlled, or operated by Google LLC, a company headquartered at 1600 Amphitheatre Parkway, Mountain View, CA 94043.

**ATTACHMENT B**

**Particular Things to be Seized**

I.      **Information to be disclosed by Google LLC ("Google")**

To the extent that the information described in Attachment A is within the possession, custody, or control of Google, regardless of whether such information is located within or outside of the United States, and including any emails, records, files, logs, or information that has been deleted but is still available to Google, or has been preserved pursuant to a request made under 18 U.S.C. § 2703(f) April 18, 2022 with the Google Reference Number 15682652, Google is required to disclose to the government for each account or identifier listed in Attachment A the following information from January 1, 2016 to present, unless otherwise indicated:

a.      All business records and subscriber information, in any form kept, pertaining to the Account, including, but not limited to:

      1.      Names (including subscriber names, usernames, and screen names);

      2.      Addresses (including mailing addresses, residential addresses, business addresses, and email addresses, including alternate and recovery email addresses);

      3.      Telephone numbers, including SMS recovery and alternate sign-in numbers;

      4.      Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions, including log-in IP addresses;

      5.      Telephone or instrument numbers or other subscriber numbers or identities, including any temporarily assigned network address, SMS recovery numbers, Google Voice numbers, and alternate sign-in numbers

      6.      Length of service (including start date and creation IP) and types of service utilized;

      7.      Means and source of payment (including any credit card or bank account number); and

      8.      Change history.

b.      All device information associated with the Account, including but not limited to, manufacture names, model numbers, serial number, media access control (MAC)

1

        addresses, international mobile equipment identifier (IMEI) numbers, FCC ID numbers, Android IDs, and telephone numbers;

c.      Records of user activity for each connection made to or from the Account(s), including, for all Google services, the date, time, length, and method of connection, data transfer volume, usernames, source and destination IP address, name of accessed Google service, and all activity logs;

d.      The contents of all records associated with the account in Google Drive (including Docs, Sheets, Forms, and Slides) and Google Keep, including: files, folders, media, notes and note titles, lists, and other data uploaded, created, stored, or shared with the account including drafts and deleted records; the creation and change history of each record; accounts with access to or which previously accessed each record; any location, device, other Google service (such as Google Classroom or Google Group), or third-party application associated with each record; and all associated logs, including access logs and IP addresses, of each record.

Google is hereby ordered to disclose the above information to the government within 14 days of issuance of this warrant.

## II.    Information to be seized by the government

All information described above in Section I that constitutes evidence, and/or instrumentalities of violations of Title 26 United States Code § 7206(1) and Title 26 United States Code § 7201, those violations involving CYWINSKIS and occurring after January 1, 2016 including, for each Account or identifier listed on Attachment A, information pertaining to the following matters:

a.      Evidence indicating how and when the Account was accessed or used, to determine the geographic and chronological context of account access, use, and events relating to the crime under investigation and to the email account owner;

b.      Information that constitutes evidence concerning violations of the statutes above that are contained within the accounts;

c.      Evidence indicating the Account owner's state of mind as it relates to the criminal activity under investigation;

d.      The identity of the person(s) who created or used the Account;

e.      The identity of the person(s) who communicated with the Account about matters relating to the criminal activity under investigation.

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Alaina Komlenic, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.     I make this affidavit in support of an application for a search warrant for information associated with a certain account that is stored at premises owned, maintained, controlled, or operated by Google LLC ("Google"), an electronic communications service and/or remote computing service provider headquartered at 1600 Amphitheater Parkway, Mountain View, California.    The information to be searched is the Google Account identified as timothytiff@gmail.com, further described in the following paragraphs and in Attachment A.    This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require Google to disclose to the government copies of the information (including the content of communications) further described in Section I of Attachment B.    Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

2.     I am a Special Agent with IRS-CI and have been so employed since August 2021. I received a bachelor's degree in Accounting from Duquesne University and a master's degree in Taxation from Robert Morris University.   Prior to becoming a Special Agent, I worked for the Arizona Department of Revenue as a Corporate Tax Auditor for approximately 10 months, and for PricewaterhouseCoopers LLC as a Senior Tax Associate of Wealth Management Tax Services, where I prepared and reviewed various types of fiduciary tax returns for approximately eight years. I attended the Federal Law Enforcement Training Center where I received specialized training in

conducting criminal investigations of suspected tax law and money laundering violations amongst other items.

3.     I have received training in conducting investigations of alleged violations of the Internal Revenue Laws (Title 26, United States Code), the Bank Secrecy Act (Title 31, United States Code), the Money Laundering Statutes (Title 18, United States Code) and related offenses. I have received training in the planning, preparation, and execution of search warrants.

4.     This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5.     Based on my training and experience, and the training and experience of other agents I work with, and the facts as set forth in this affidavit, there is probable cause to believe that violations of Title 26 United States Code § 7206(1) and Title 26 United States Code § 7201 have been committed by TIFFANY and TIMOTHY CYWINSKI. There is also probable cause to search the information described in Section I of Attachment B.

## JURISDICTION

6.     This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A), & (c)(1)(A). Specifically, the Court is "a district court of the United States . . . that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i). and is "in . . . a district in which the provider . . . is located or in which the wire or electronic communications, records, or other information are stored." 18 U.S.C. § 2711(3)(A)(ii).

## BACKGROUND OF INVESTIGATION

7.     IRS Criminal Investigation is currently conducting an investigation of TIFFANY and TIMOTHY CYWINSKI (hereinafter jointly referred to as CYWINSKIS) concerning potential

charges in their individual capacity and collectively with other unidentified potential conspirators, and as the representatives of various business entities, for the following offenses for the periods 2016 through 2020:

    a.   Title 26 United States Code § 7206(1) False or Fraudulent Return, Statement or Document Made Under Penalty of Perjury, for the periods 2016 through 2020.

    b.   Title 26 United States Code § 7201 Attempt to Evade or Defeat Tax, for the periods 2016 through 2020.

8.    The CYWINSKIS reside at 1761 N. 40th Drive, Show Low, AZ 85901 and own CATTLEMEN'S STEAKHOUSE AND LOUNGE (hereinafter CATTLEMENS). The CATTLEMENS restaurant is operated out of a building located at 1231 E Deuce of Clubs, Show Low, AZ 85901.

9.    The CYWINSKIS have no significant criminal history.

10.    CATTLEMENS is owned 50% by TIFFANY CYWINSKI and 50% by TIMOTHY CYWINSKI. CATTLEMENS has been a family business since 1984. The business was sold in 2006 on an owner carryover loan, but the new owner defaulted, and they got the business back in 2012. The business opened under a new name in 2013 and is operating in its 8th year now.

11.    CATTLEMENS is organized as a S corporation. The S corporation files a separate annual income tax return, but all income and some deductions and losses flow through to the owners. There are no income taxes paid directly by a S corporation. When the income flows to the individual the individual must report that income on their individual income tax return Form 1040 and pay taxes on the income. The CYWINSKIS filed a joint return so all of the income from CATTLEMENS should flow from the S corporation tax return to the two owners and be reported on the CYWINSKIS' individual income tax return Form 1040.

12.     CATTLEMENS filed an Income Tax Return for an S Corporation, Form 1120-S for at least the years 2017 through 2020.  The IRS also received Forms 1099-K for each of the years 2017 through 2020.  The Form 1099-K shows the amount of credit card transactions that a third-party credit card company processed for a customer for a given year.   The credit card transactions from the Forms 1099-K were compared to the gross receipts reported on the Forms 1120-S and is reflected in the following chart:

| Year | Gross Receipts | 1099-K | 1099-K to GR % |
|------|---------------|--------|----------------|
| 2020 | $1,642,426 | $1,594,946 | 97.11% |
| 2019 | $1,685,390 | $1,662,346 | 98.63% |
| 2018 | $1,692,763 | $1,671,447 | 98.74% |
| 2017 | $1,788,671 | $1,757,811 | 98.27% |

13.     The credit card sales for CATTLEMENS ranged from over 97% to over 98% of their total gross receipts for the tax years 2017 through 2020

14.     IRS-CI conducts a nationwide project to identify the sale of cash-intensive businesses to find evidence of tax evasion.   The Business Opportunity Project develops investigations of business owners that underreport their legal source income, deduct false business expenses, and/or commit other possible criminal violations.    IRS-CI became aware CATTLEMENS in Show Low, AZ was up for sale.  IRS-CI sent an undercover agent to make contact with the owners to inquire about the sale.   There were several email and phone conversations between the UCAs and TIFFANY CYWINSKI and there were two in person meetings with TIFFANY and TIMOTHY CYWINSKI. Through the conversations between CYWINSKIS and the UCAs, IRS-CI learned that the CYWINSKIS underreported their taxable income to the IRS for the tax years 2017 to 2020.

15.     On January 13, 2022, United States Magistrate Judge, Hon. Deborah M. Fine, issued search warrants based on probable cause established for the CATTLEMENS business

premises and storage unit locations. The Case Numbers for reference are 22-5030MB, in the matter of search of the storage unit at 861 West Cooley Street, Show Low, Arizona, and 22-5031MB, in the matter of search of the business property at 1231 East Deuce of Clubs, Show Low, Arizona. The search warrants were executed by IRS-CI on January 20, 2022.

**PROBABLE CAUSE**

16.     The CATTLEMENS books for the business were kept on a computer at the business. The CYWINSKIS retained an accountant to prepare their taxes and financial statements. Those statements and tax returns were provided to the CYWINSKIS. The CYWINSKIS kept those records on a computer in the office at CATTLEMENS and copies of some of the records were printed from that computer for the UCA's during their meeting. The CYWINSKIS stated that all the business records were kept at CATTLEMENS or in a storage unit. They could access their computer system remotely.

17.     Based on information obtained during the UCA meetings with the CYWINSKIS, IRS-CI agents executed a search warrant on the CATTLEMENS' premises on January 20, 2022. During the search warrant, various business records in physical and electronic format were seized in relation to the violations described above. One of those electronic formats seized were computers containing business records for CATTLEMENS. The computers analyzed by IRS-CI agents were found to contain information relevant and important for the investigation. An IRS-CI Computer Investigative Specialist (CIS) copied and analyzed the CYWINSKIS' computers which showed that the CYWINSKIS' Google Account was often used to access Google Drive via the seized computers. The computers containing information related to the investigation are the same computers found to be accessing the timothytiff@gmail.com Google Account, and are further described in Attachment A, and related Google services.

18.     A preservation request was submitted to Google by IRS-CI agents through the Google Law Enforcement Request System on April 18, 2022.

19.     The seized computers were found to contain business records that will be useful to the investigation.

20.     IRS-CI analysis of the CYWINSKIS' seized computers showed at least one CATTLEMENS business record linked to Google Drive. The CIS found cache records, temporary data stored in the memory of a computer, of a CATTLEMENS business record linked to Google Drive being accessed through a web browser on the CYWINSKIS computer. Other cache records showed that the timothytiff@gmail.com Google Drive was accessed extensively using the computers seized by IRS-CI agents. The email account associated with the timothytiff@gmail.com Google Account was observed to have been used for some communication regarding CATTLEMENS' business.

21.     The CIS found that one of the seized computers used most recently by the CYWINSKIS contained an application called CCleaner which is capable of deleting browser history and cache among other program files. The CCleaner application appeared to have last been run to delete browser history on the CYWINSKIS' computer around September 2021. Brower history available for analysis showed Google Drive access from September 2021 through the date of the IRS-CI search warrant execution. The older of the seized computers had a Google Drive application installed since at least 2013. The computer with the Google Drive application installed was found to have been set up to sync with the Google Drive cloud service.

22.     The seized computers were found to access Google Account services, and therefore, computers and Google Account services such as Google Drive are expected to contain business and personal information. With the portability of data throughout Google Account services such

as Gmail and Google Drive, there will most likely be evidence maintained in the Google Account to be searched. Computers and Google Account services such as Google Drive are expected to contain information which may be used to recreate the information relating to both CYWINSKIS and CATTLEMENS' sales, expenses, and payrolls in addition to other tax information. Because of the CCleaner application available to delete files including cache and web browser history, this search warrant is requested to obtain evidence that is not expected to be able to be obtained through any other investigative methods.

## BACKGROUND CONCERNING GOOGLE[1]

23.     Google is a United States company that offers to the public through its Google Accounts a variety of online services, including email, cloud storage, digital payments, and productivity applications, which can be accessed through a web browser or mobile applications. Google also offers to anyone, whether or not they have a Google Account, a free web browser called Google Chrome, a free search engine called Google Search, a free video streaming site called YouTube, a free mapping service called Google Maps, and a free traffic tracking service called Waze. Many of these free services offer additional functionality if the user signs into their Google Account.

24.     In addition, Google offers an operating system ("OS") for mobile devices, including cellular phones, known as Android. Google also sells devices, including laptops, mobile phones, tablets, smart speakers, security cameras, and wireless routers. Users of Android and Google

---

[1]     The information in this section is based on information published by Google on its public websites, including, but not limited to, the following webpages:  the "Google legal policy and products" page available to registered law enforcement at lers.google.com; product pages on support.google.com; or product pages on about.google.com.

devices are prompted to connect their device to a Google Account when they first turn on the device, and a Google Account is required for certain functionalities on these devices.

25.     Signing up for a Google Account automatically generates an email address at the domain gmail.com. That email address will be the log-in username for access to the Google Account.

26.     Google advertises its services as "One Account. All of Google working for you." Once logged into a Google Account, a user can connect to Google's full suite of services offered to the general public, described in further detail below. In addition, Google keeps certain records indicating ownership and usage of the Google Account across services, described further after the description of services below.

27.     Google Drive is a cloud storage service automatically created for each Google Account. Users can store an unlimited number of documents created by Google productivity applications like Google Docs (Google's word processor), Google Sheets (Google's spreadsheet program), Google Forms (Google's web form service), and Google Slides, (Google's presentation program). Users can also upload files to Google Drive, including photos, videos, PDFs, and text documents, until they hit the storage limit. Users can set up their personal computer or mobile phone to automatically back up files to their Google Drive Account. Each user gets 15 gigabytes of space for free on servers controlled by Google and may purchase more through a subscription plan called Google One. In addition, Google Drive allows users to share their stored files and documents with up to 100 people and grant those with access the ability to edit or comment. Google maintains a record of who made changes when to documents edited in Google productivity applications. Documents shared with a user are saved in their Google Drive in a folder called

"Shared with me." Google preserves files stored in Google Drive indefinitely unless the user deletes them.

28.     Google integrates its various services to make it easier for Google Accounts to access the full Google suite of services. For example, users accessing their Google Account through their browser can toggle between Google Services via a toolbar displayed on the top of most Google service pages, including Gmail and Drive. Attachments in Gmail are displayed with a button that allows the user to save the attachment directly to Google Drive. And if a user logs into their Google Account on the Chrome browser, their subsequent Chrome browser and Google Search activity is associated with that Google Account, depending on user settings.

29.     When individuals register with Google for a Google Account, Google asks users to provide certain personal identifying information, including the user's full name, telephone number, birthday, and gender. If a user is paying for services, the user must also provide a physical address and means and source of payment.

30.     Google typically retains and can provide certain transactional information about the creation and use of each account on its system. Google captures the date on which the account was created, the length of service, log-in times and durations, the types of services utilized by the Google Account, the status of the account (including whether the account is inactive or closed), the methods used to connect to the account (such as logging into the account via Google's website or using a mobile application), details about the devices used to access the account, and other log files that reflect usage of the account. In addition, Google keeps records of the Internet Protocol ("IP") addresses used to register the account and accept Google's terms of service, as well as the IP addresses associated with particular logins to the account. Because every device that connects

to the Internet must use an IP address, IP address information can help to identify which computers or other devices were used to access the Google Account.

31.     Google maintains the communications, files, and associated records for each service used by a Google Account on servers under its control. Even after a user deletes a communication or file from their Google Account, it may continue to be available on Google's servers for a certain period of time.

32.     In my training and experience, and the training and experience of agents I work with, evidence of who was using a Google account and from where, and evidence related to criminal activity of the kind described above, may be found in the files and records described above. This evidence may establish the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or, alternatively, to exclude the innocent from further suspicion. I know that when an individual uses a computer and storage media such as Google Drive, the individual's computer and storage media will generally serve both as an instrumentality for committing the crime, and also as a storage medium for evidence of the crime. From my training and experience, I believe that a storage medium used to commit a crime of this type may contain: data that is evidence of how the storage medium was used; documents that were sent or received; notes as to how the criminal conduct was achieved; business records; and other records that indicate the nature of the offense.

33.     Based on my training and experience, messages, emails, voicemails, photos, videos, documents, and internet searches are often created and used in furtherance of criminal activity, including to communicate and facilitate the offenses under investigation. Thus, stored communications and files connected to a Google Account and Google Drive may provide direct evidence of the offenses under investigation.

34.     Account activity may provide relevant insight into the account owner's state of mind as it relates to the offenses under investigation.  For example, information on the account may indicate the owner's motive and intent to commit a crime (*e.g.,* information indicating a plan to commit a crime), or consciousness of guilt (*e.g.,* deleting account information in an effort to conceal evidence from law enforcement).

35.     Therefore, Google's servers are likely to contain stored electronic communications, documents, and information concerning the subscribers and their use of Google services, including Google Drive.  In my training and experience, and the training and experience of agents with whom I work, such information may constitute evidence of the crimes under investigation.

## CONCLUSION

36.     Based on the forgoing, I request that the Court issue the proposed search warrant.

37.     Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant.  The government will execute this warrant by serving the warrant on Google via Google's law enforcement portal.  Because the warrant will be served on Google, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

Sincerely,

Alaina Komlenic
Special Agent, IRS-CI

Subscribed and sworn telephonically this __15__ day of July, 2022.

HONORABLE MICHELLE H. BURNS
United States Magistrate Judge